**SO ORDERED.**

**SIGNED this 21 day of December, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JOSEPH WHITNEY HONEYCUTT,                         CASE NO. 12-06921-8-JRL

    DEBTOR.                                                              CHAPTER 11

### ORDER

This matter came before the court on the motion to transfer the case outside the Eastern District of North Carolina filed by Anita M. Moerman f/k/a Anita M. Honeycutt ("Moerman"), to which Joseph Whitney Honeycutt ("debtor") has objected. A hearing was held on December 13, 2012, in Raleigh, North Carolina.

### BACKGROUND

On September 27, 2012, the debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The debtor's petition lists his street address as 431 Shiloh Road, Statesville, North Carolina and his mailing address as Post Office Box 359, Wrightsville Beach, North Carolina. Statesville is located in the Western District of North Carolina and Wrightsville Beach is located in the Eastern District of North Carolina. The debtor's petition listed total assets of $2,426,756.21,

which is comprised of $1,358,002.50 of real property and $1,068,753.71 of personal property. The debtor amended his schedules on October 24, 2012, to add an additional $169,075.00 and remove $39,500.00 of personal property, thereby increasing his scheduled personal property to $1,198,328.71 and total assets to $2,556,331.21. The debtor owns seventeen (17) parcels of real property in Iredell County, which comprise approximately $1,304,500.00 of the scheduled value of the debtor's real property ($1,358,002.50) and approximately 51.03% of the total assets of the estate.

The debtor is a farmer, real estate developer and the sole member-manager of the following seven (7) limited liability companies registered with the North Carolina Secretary of State: (1) Bourbon and Branch Farm, LLC; (2) North State Partners, LLC ("North State Partners"); (3) NSP Aviation, LLC; (4) Shadowcreek Homes, LLC; (5) Autumn Hall Collection, LLC; (6) North State Partners Construction, LLC ("North State Partners Construction"); and (7) NSH, Inc (collectively "LLCs").[1]  On his petition, the debtor lists his post office box in Wrightsville Beach, North Carolina as the mailing address for each of the LLCs.   The debtor also maintains a physical office for North State Partners Construction in Suite 102 of Landfall Park North, located at 1985 Eastwood Road, Wilmington, North Carolina.  Landfall Park North is a 70,000 square-foot commercial property owned by the debtor through North State Partners.  The property is worth approximately $8,000,000.00.

Moerman is the debtor's former spouse and the largest unsecured creditor in the debtor's bankruptcy case, holding a claim totaling $880,000.00 on Schedule F. Her claim arises from a judgment awarded by the District Court of Mecklenburg County, North Carolina on June 29, 2012,

---

[1] The debtor is also holds a fifty percent (50%) ownership interest in Two Lots, LLC.  Of the eight LLCs, only four (4) have are currently operating and are managed from the debtor's office in Wilmington, North Carolina.

against the debtor for violating the parties' separation, property settlement and parenting agreement (collectively "agreement").[2] On February 7, 2012, the jury found that the debtor breached Article XII of the agreement by failing to disclose, as of the date of separation, a bank account having a value in excess of $1,000,000.00.

On October 23, 2012, Moerman filed the motion currently before the court contending that venue is improper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1408 and § 1406, and seeks an order transferring the case to the Western District of North Carolina, or dismissal pursuant to Fed. R. Bankr. P. 1014(a)(2). If venue is proper, Moerman maintains the case should nonetheless be transferred in the interest of justice or for the convenience of the parties pursuant to 28 U.S.C. § 1412.

## DISCUSSION

Section 1408 of Title 28 in United States Code provides, in relevant part:

Except as provided in section 1410 of this title, a case under title 11 may be

---

[2]Article XII of the agreement provides as follows:

Both parties acknowledge and agree that prior to and at the time of the division of properties as more particularly set out in this Agreement, each has made a full disclosure of their financial affairs, assets and income. It is the intent of both parties hereto t[h]at this Agreement shall constitute a final settlement and division of all properties of the parties regardless of how titled including separate properties of each as well as marital and divisible property and other rights of each, respectively, arising out of the marriage and the marital relationship existing between them.

Husband and Wife warrant and represent that all marital assets having a value in excess of One Thousand Dollars ($1,000) owned by Husband or Wife or by the two of them together on the date of separation have been disclosed. Husband and Wife agree that, notwithstanding any provision of this Agreement or of any statue or rule of law, upon discovery of additional marital assets or debts or obligations not heretofore disclosed, such set shall be distributed 80% to the innocent party against the non-disclosing party.

3

>commenced in the district court for the district—
>
>>(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district[.]

28 U.S.C. § 1408. Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure affords bankruptcy courts the discretion to dismiss a case filed in an improper district if dismissal is in the interest of justice or for the convenience of the parties. Section 1408 is written in the disjunctive; therefore, "allow[ing] many possible locations where an entity or individual may file for bankruptcy protection[,]" as long as one of the following four alternative tests for venue is satisfied: the debtor's (1) domicile; (2) residence; (3) location of principal place of business in the United States; or (4) location of principal assets in the United States. Broady v. Harvey (In re Broady), 247 B.R. 470, 472 (B.A.P. 8th Cir. 2000) (stating that any one of the four bases is sufficient to support proper venue) (citation omitted)); see, e.g., In re Mid Atlantic Retail Grp., Inc., No. 07–81745, 2008 WL 612287, at *2 (Bankr. M.D.N.C. Jan. 4, 2008) ("[V]enue can be proper in several districts as the district where a debtor resides, is domiciled, has its principal place of business, or has principal assets located is not always going to be the same." (citing 28 U.S.C.§ 1408 (2000)); 1 COLLIER ON BANKRUPTCY ¶ 4.02[2][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012).

The debtor's choice of forum is presumed to be "a proper district for venue purposes and the party challenging a debtor's choice must show by a preponderance of the evidence that the venue is improper." Mid Atlantic Retail Grp., Inc., 2008 WL 612287, at *2 (citing In re Farmer, 288 B.R. 31, 34 (Bankr. N.D.N.Y. 2002) ("'There is a presumption that the district where the bankruptcy

4

petition is filed is the appropriate district for venue purposes ... and the burden is on the party disputing venue to establish that position by a preponderance of the evidence.'"(quoting In re Handel, 253 B.R. 308, 310 (1st Cir. B.A.P. 2000)); In re Baltimore Food Systems, Inc., 71 B.R. 795, 798 (Bankr. D.S.C. 1986) ("Movants have the burden of proving that venue is improper in the [district where debtor filed its bankruptcy petition].")).  Moerman must, therefore, show by a preponderance of the evidence that the debtor's domicile, residence, principal place of business or principal assets were not located in the Eastern District of North Carolina during the majority of the 180-day period preceding the petition date.

At the hearing, the debtor argued that venue is proper in the Eastern District of North Carolina because his principal place of business is located in Wilmington, North Carolina, which is located within the district.  The debtor offered his own testimony and relied on Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010), In re Lakota Canyon Ranch Development, LLC, No. 11-03739, 2011 WL 5909630 (Bankr. E.D.N.C. June 21, 2011), and In re Spartan Holding Co., Inc., No. 11-02355, 2011 WL 5909502 (Bankr. E.D.N.C. May 24, 2011), to argue that his "nerve center" for purposes of determining his principal place of business is located in the Eastern District of North Carolina because it is where he directs, controls, and coordinates his activities.

Based on the record, the debtor's testimony and despite Moerman's argument to the contrary, the court finds that venue is proper because the debtor's principal place of business is located in the Eastern District of North Carolina.  Between 2007 and 2008, the debtor relocated his business activities and office to Wilmington, North Carolina from Cornelius, North Carolina.  The debtor and two (2) full-time employees, an office manager and a construction manager/superintendent, utilize the office to monitor the debtor's real estate development business.  Over the past two years, the

debtor has built approximately fourteen (14) custom homes in the Wilmington and Wrightsville Beach area. Additionally, through his ownership of Landfall Park North and North State Partners Construction, the debtor actively solicits and performs substantial upgrades on the commercial property to attract potential tenants. Furthermore, the viability and structure of the debtor's chapter 11 plan of reorganization will depend, in large part, on valuations, negotiations and agreements reached with his creditors in the Eastern District of North Carolina.

To argue that venue is improper in the Eastern District of North Carolina, Moerman relies on the custody and visitation arrangement between the debtor and herself, which requires him to alternate week-long visitation with their children in Statesville, North Carolina. The debtor acknowledged that he alternates his time, but it is in Wilmington where he meets with clients and develops, manages and directs his business operations. Although the debtor's business activities are circumscribed by the joint custody arrangement with Moerman, it is undisputed that a majority of the debtor's income is earned from his coordination of business activities and services provided in this district. See Hertz Corp., 130 S. Ct. at 1190.

The facts of the instant case are distinguishable from those in Lakota Canyon Ranch and Spartan Holding Co. In Lakota Canyon Ranch, the court determined that venue was improper and concluded based on the factors enumerated in 28 U.S.C. § 1412, that the convenience of the parties and the interest of justice weighed in favor of transferring the case to the District of Colorado. 2011 WL 5909630, at *2-4. Contrary to Lakota Canyon Ranch, the debtor's LLCs are registered with the North Carolina Secretary of State, generate revenue in North Carolina and the debtor spends a significant amount of time in the Eastern District of North Carolina conducting his business activities. See id. (finding venue improper where the movant "has shown by a preponderance of the

evidence, that the Debtor's principal place of business is in Colorado."). In Spartan Holding Co., the court determined that venue was improper in this district and transferred the debtor's case to the Western District of North Carolina because its principal assets were located there and "other than the address where the debtor receives legal notices, the debtor has no connection, assets or other business dealings in the Eastern District of North Carolina." 2011 WL 5909502, at *2.

## CONCLUSION

Based on the foregoing and in accordance with the court's oral ruling made on December 13, 2012, the motion to transfer is **DENIED.** Moerman has failed to demonstrate by a preponderance of the evidence that the debtor's principal place of business or "nerve center" is not located in this district; therefore, venue is proper in the Eastern District of North Carolina.[3] Having determined that venue is proper, the court is sympathetic to any inconvenience caused by the debtor's election to file his petition in this district. To mitigate this inconvenience, the court will allow Moerman to determine whether future matters involving her are scheduled for hearing in Raleigh, North Carolina or Wilmington, North Carolina.

## END OF DOCUMENT

---

[3] Having determined that venue is proper in this district and that the inconvenience posed to Moerman does not support discretionary transfer of the case, the court need not address whether the case should be transferred pursuant to 28 U.S.C. § 1412 or dismissed pursuant to Fed. R. Bankr. P. 1014(a)(2).